IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAUL SINKOVITZ,**

    **Plaintiff,**

                                     Case No. 2:17-cv-616
                                     Judge James L. Graham
    v.                                Magistrate Judge Elizabeth P. Deavers

**RALF ROBINSON INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION and INITIAL SCREEN

Plaintiff, Paul Sinkovitz, a state prisoner who is proceeding without the assistance of counsel, brings this action[1] against Ralf Robinson Inc., which is a private corporate creditor that apparently seeks a judgment against Plaintiff.

**I.**

Plaintiff complains, *inter alia*, that he has been unlawfully incarcerated and asserts a "Right of Habeas Corpus." (ECF No. 1) To the extent Plaintiff intends to assert a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, this matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing, in relevant part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

Here, it is plain from Plaintiff's filing that he is not entitled to relief in this Court. First, as set forth above, Plaintiff has named Ralf Robinson Inc., a private corporate creditor. (ECF

---

[1] Plaintiff paid the full filing fee when he initiated this action.

No. 1.) However, when a petitioner is "currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Plaintiff's filing reflects that he is currently in the custody of Southeastern Correctional Complex. (ECF No. 1.) Plaintiff therefore should have named as Respondent Brian Cook, the warden of Southeastern Correctional Complex, where Plaintiff is currently incarcerated. (*Id*.) Accordingly, Plaintiff has not named the proper Respondent and his petition is subject to dismissal.

Second, Plaintiff has not exhausted the remedies available to him. Before a federal habeas court may grant habeas corpus relief, a state prisoner must exhaust his available state court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (1993). *See also* 28 U.S.C. § 2254(d)(1). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. 2254 (b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

In this case, Plaintiff has not alleged exhaustion. (ECF No. 1.) Therefore, this action is subject to dismissal as unexhausted.

## II.

**A.** **Background**

To the extent that Plaintiff intends to bring a civil action, this matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint (ECF No. 1) as required by 28 U.S.C. §

1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff asserts that he has "been unlawfully incarcerated" and "been purposely detained in the Lancaster Facility for the State of Ohio and is being extorted of his property and his rights as guaranteed by the Fourth Article of the IV Amendment of the U.S. Constitution." (ECF No. 1 at 1.)

**B.     Standard**

Congress enacted 28 U.S.C. § 1915A, as part of the Prison Litigation Reform Act, Pub.L. 104–134, 110 Stat. 1321, enacted in April 1996, in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or--
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

3

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

4

**C.     Analysis**

Having conducted the initial screen of Plaintiff's Complaint, the Undersigned concludes that Plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. "'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship jurisdiction.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006).

To the extent Plaintiff asserts a civil action for money damages premised upon an alleged unconstitutional criminal conviction, it is **RECOMMENDED** that the Court dismiss his claims as "Heck-barred." The United States Supreme Court has held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Thus, under *Heck*, Plaintiff cannot proceed with a § 1983 claim because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486–87.

Moreover, the Court notes that Plaintiff apparently alleges that a private corporate entity is liable for his alleged unconstitutional incarceration. (ECF No. 1 at 1–2.) In order to state a

constitutional claim against Defendant Ralf Robinson Inc., however, Plaintiff must show that Defendant was a state actor. *Mays v. Buckeye Rural Electric Co-op., Inc*., 277 F.3d 873, 880 (6th Cir. 2002) ("In the absence of state action, a plaintiff may not assert a due process claim under the Fourteenth Amendment"). Here, Plaintiff has not alleged that Defendant has engaged in any government function and his claims must therefore be dismissed.

### III.

For all of these reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED** and that Plaintiff's Petition for Release to Prosecute (ECF No. 2) be **DENIED as MOOT**. It is **FURTHER RECOMMENDED** that, if the action is dismissed, any future motion to vacate pursuant to 28 U.S.C. § 2254 should not be construed as a second or successive petition to vacate.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: October 4, 2017                             /s/ *Elizabeth A. Preston Deavers*
 ELIZABETH A. PRESTON DEAVERS
 UNITED STATES MAGISTRATE JUDGE