IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Paul Sinkovitz,

      Plaintiff,

      v.                           Case No. 2:17-cv-616

Ralf Robinson Inc.,

      Defendant.

ORDER

      This is a pro se action filed by Paul Sinkovitz, a state inmate, against Ralf Robinson Inc. (identified as "Ralph Robinson, Inc. Ohio Pump & Supply" in documents attached to the complaint), a private creditor which is apparently seeking a judgment against plaintiff in an Ohio court. This matter is before the court for consideration of the magistrate judge's report and recommendation (Doc. 3). The magistrate judge conducted an initial screen of plaintiff's complaint pursuant to 28 U.S.C. §§1915(e)(2) and 1915A, and recommended that this action be dismissed pursuant to §1915(e)(2) for failure to state a claim on which relief may be granted.

      If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). On October 17, 2017, plaintiff filed an objection to the report and recommendation, and on October 18, 2017, plaintiff

filed a supplemental objection.

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires <u>sua</u> <u>sponte</u> dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. <u>Grinter v. Knight</u>, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. <u>See</u>, <u>e.g.</u>, <u>Hill v. Lappin</u>, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Bishop v. Lucent Techs., Inc.</u>, 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." <u>Mezibov v. Allen</u>, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. <u>Id.</u> While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

544, 555, 570 (2007).  Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2).  Id.

The magistrate judge noted that plaintiff complains that he has been unlawfully incarcerated, and he asserts a right of habeas corpus.  The magistrate judge correctly concluded that to the extent that plaintiff sought to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, his complaint is deficient because it names a private business as the defendant, not the state official responsible for his custody, and contains no allegations demonstrating that plaintiff has exhausted his state court remedies.  The magistrate judge also properly noted that, to the extent that plaintiff seeks to pursue a civil action for money damages premised on an allegedly invalid criminal conviction, the action is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because plaintiff has not alleged that his conviction has been reversed on direct appeal or otherwise declared to be invalid. Insofar as plaintiff asserts that defendant is liable under 42 U.S.C. §1983 for his alleged unconstitutional incarceration, his complaint fails to state a claim on which relief may be granted because plaintiff has alleged no facts showing that defendant, a private corporate entity, is a state actor.  To the extent that plaintiff is seeking to somehow challenge the actions of the state municipal court judge in the proceedings filed in that court against plaintiff  by the defendant, plaintiff has shown no basis for this court to exercise jurisdiction over that action.

Plaintiff has filed objections to the report and

recommendation. However, the conclusory arguments he makes are insufficient to demonstrate that the magistrate judge's legal determinations were incorrect. The court concludes that the magistrate judge did not err in concluding that the complaint fails to state a claim on which relief may be granted.

In accordance with the foregoing, the court denies plaintiff's objections (Docs. 4 and 5), and adopts the report and recommendation (Doc. 3). Plaintiff's petition for release (Doc. 2) is denied as moot. This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The clerk shall enter judgement dismissing this case. Any future application for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 shall not be construed as a second or successive petition.

Date: October 19, 2017          s/James L. Graham
                                James L. Graham
                                United States District Judge